OPINION OF THE COURT
Lee L. Holzman, J.
The temporary receiver of the Amtique Company of New York (ACNY) seeks an order allowing her to proceed with the sale of ACNY assets in accordance with the decree of this court entered on November 20, 2003, notwithstanding that the decree is the subject of an appeal and that the appellants, in their notice of appeal, asserted that “pursuant to CPLR 5519 (a) (4), the enforcement of the decree ... is automatically stayed.” ACNY is owned by trusts established by ACNY’s founder and his wife, with 45% of the shares held by trusts for the benefit of their son, Martin Wynyard, and his family, and 55% of the shares held by trusts for their daughter, Rotraut Beiny, and her family.
The protracted history of this case is set forth in the court’s decision of July 17, 2003, holding that Rotraut Beiny and the other trustees of the trusts that owned ACNY permitted Rotraut Beiny to operate ACNY as she pleased; that she misappropriated substantial assets from ACNY; that the trustees took no steps to recover the misappropriated assets; that Rotraut Beiny appears to be attempting to render herself judgment proof; that if Rotraut Beiny fails to pay the surcharges imposed against her (she has not paid the surcharges), the funds misappropriated by her from ACNY should be deemed to be distributions to her from the trusts for her benefit; and that ACNY assets should be sold by the receiver in order to effectuate a pro rata distribution to the Wynyard trusts (Wynyard v Beiny, NYLJ, July 22, 2003, at 19, col 5). Unless the sale exceeds expectations, it appears that even if all of the net proceeds of the sale of ACNY assets are paid to the Wynyard trusts, these trusts will not be fully compensated for the funds misappropriated by and distributed to Rotraut Beiny. Although Rotraut Beiny is the only beneficiary of the Beiny trusts to have benefit-ted from the trusts to date, she is not one of the appellants. The appellants are Rotraut Beiny’s husband, her daughter Michele Harkins, a corporation bearing Michele’s name and Michele’s two minor children. The appellants are all discretionary beneficiaries of the Beiny trusts.
CPLR 5519 (a) (4) provides that service upon an adverse party of a notice of appeal stays all proceedings to enforce the judgment or order appealed from pending the appeal where
*906 “the judgment or order directs the assignment or delivery of personal property, and the property is placed in the custody of an officer designated by the court of original instance to abide the direction of the court to which the appeal is taken, or an undertaking in a sum fixed by the court of original instance is given that the appellant or moving party will obey the direction of the court to which the appeal is taken.”
The receiver contends that the instant case does not satisfy the statutory criteria for an automatic stay, i.e., that the court’s order did not “direct. . . the assignment or delivery of personal property” but instead directed a monetary surcharge and provided a means for its collection, and that the property was not “placed in the custody of an officer designated by the court of original instance to abide the direction of the court to which the appeal is taken.” (CPLR 5519 [a] [4].) This is so, the receiver argues, because neither the order of the New York County Surrogate’s Court appointing the original receiver in 1987 nor the subsequent order of the same court appointing the current receiver entered on July 30, 1992 was entered to “abide the appeal.” The receiver further argues in general terms that there is no authority for imposing a stay in this case and points out that no one has suggested the filing of a bond.
The appellants contend that this case clearly falls within the “automatic stay” language of CPLR 5519 (a) (4). They further assert that the receiver’s insistence upon selling ACNY assets prior to an appellate determination is in violation of her obligation to protect the property for the benefit of all persons interested in the estate.
The court holds that the receiver is entitled to the relief requested. The November 20, 2003 decree of this court was not the order that directed the delivery of ACNY assets to the receiver. These assets were delivered to the original receiver pursuant to the 1987 order of the New York County Surrogate’s Court. The receiver’s authority to sell assets of ACNY prior to the November 20, 2003 decree is evident from the fact that the receiver did sell assets of ACNY to meet expenses prior to the entry of the decree. Thus, the November 20, 2003 decree is clearly not the decree that directed that the assets of ACNY be delivered to and “placed in the custody of an officer designated by the court of original instance to abide the direction of the court to which the appeal is taken” (CPLR 5519 [a] [4]). Of *907 course, there would be a stay and there would be no need to sell ACNY assets if the appellants filed an undertaking in the amount of the surcharges imposed (CPLR 5519 [a] [2]).
The cases cited by the appellants concerning the obligations of a receiver generally are not in any way dispositive with regard to whether CPLR 5519 (a) (4) is applicable here. The thrust of CPLR 5519 (a) (4) is to prevent an appellant from suffering an irreparable loss as a result of the appellant’s having delivered personal property to the plaintiff as directed by the order of the trial court and then being unable to recover that property from the plaintiff if the trial court’s determination is reversed on appeal. CPLR 5519 (a) (4) seeks to protect the interests of all parties by having the specified personal property placed with an officer of the court pending the determination of the appeal. However, here, the appellants have no ownership interest in the assets of ACNY. ACNY is a corporation and the assets are owned by that corporation. Thus, even if CPLR 5519 (a) (4) were otherwise applicable, it appears that the only party that would have a right to seek a stay pursuant to the statute would be ACNY. Here, not only are the appellants not the corporation, they do not even own any stock in the corporation. The legal ownership of the stock is in the trusts and the appellants, as discretionary beneficiaries of the Beiny trusts, are limited to a beneficial interest in the trusts entitling them to sue the trustees to enforce the terms of the trusts (see EPTL 7-2.1).
Here, even if the November 20, 2003 decree is reversed, none of the appellants (other than perhaps Michele Harkins, individually, and not in her capacity as a possible beneficiary of the Beiny trusts) will suffer any irreparable injury from the sale of ACNY assets. For approximately the past 17 years, most of the inventory has been in storage with the business being dormant except for the need to make sales to meet certain expenses. The irreconcilable differences between the Beinys and the Wynyards, as evidenced by the instant litigation which has been pending for more than two decades, portend that the corporation will ultimately have to be dissolved in any event. Thus, should it ultimately be determined that the Beiny trusts are entitled to a further distribution from the trusts’ ownership of ACNY stock, the beneficiaries of the trusts should not be prejudiced by the sale at this time. The court is cognizant of the fact that Michele Harkins participated in the disposition of ACNY assets for a period of time after her mother misappropriated corporate assets and that she has a desire to control the disposition of these as *908 sets in the future notwithstanding that the referee who took testimony in this proceeding recommended that she be held in contempt for her actions with regard to these assets. However, she cannot leverage her status as a possible beneficiary of the Beiny trusts and an appellant from this court’s November 20, 2003 decree into an ownership interest in ACNY entitling her to stay the sale.
For the reasons stated above, the motion is granted in its entirety.